IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GARY MOORE, #112065                                                                               PETITIONER

VERSUS                                                        CIVIL ACTION NO. 2:13-cv-142-KS-MTP

RON KING, Superintendent                                                                    RESPONDENT

ORDER OF DISMISSAL OF PETITIONER'S
CHALLENGE TO THE REVOCATION IN 2007 OF HIS POST-RELEASE SUPERVISION,
CHALLENGE TO THE REVOCATION ON JUNE 20, 2013, OF HIS PAROLE
AND CLAIMS CONCERNING THE CONDITIONS OF HIS CONFINEMENT

This matter is before the Court, *sua sponte*, for consideration of partial dismissal of Petitioner's challenges and claims presented in the instant habeas petition. Petitioner Gary Moore, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, files this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges (1) his underlying conviction for the sale of marijuana in 2005 in Jones County, Mississippi; (2) the August 2, 2007, revocation of his post-release supervision; and (3) the June 20, 2013, revocation of his parole.[1] The Court finds that Petitioner's challenges to the revocation of his post-release supervision in 2007, the revocation of his parole in 2013 and his conditions of confinement allegations presented as part of the grounds for relief will be dismissed for the following reasons.

**I.      Analysis**

        A.  Challenge to the 2007 Revocation of Post-Release Supervision

The Court finds after reviewing the records that the Petitioner has previously filed for habeas relief in this Court challenging the revocation of this post-release supervision, in civil

---

[1] The Petitioner's challenge to his underlying conviction for the sale of marijuana in the Circuit Court of Jones County, Mississippi, on May 17, 2005, will not be addressed in this order.

action numbers 2:08-cv-110 and 2:09-cv-151.  The first petition for habeas relief was dismissed with prejudice on November 3, 2008.  *Moore v. Davis*, No. 2:08-cv-110 (S.D. Miss. Nov. 3, 2008).  The Petitioner appealed the Court's dismissal of his petition and on May 26, 2009, the United States Court of Appeals for the Fifth Circuit dismissed Petitioner's appeal for want of prosecution.  *Moore v. Davis*, Appeal No. 09-60005 (5th Cir. May 26, 2009).  In his second petition, *Moore v. Caskey*, No. 2:09-cv-151 (S.D. Miss. Aug. 18, 2009), this Court transferred the case to the Fifth Circuit.  The Fifth Circuit denied Petitioner's motion for authorization to file a second or successive habeas application.  *In Re: Moore*, Appeal No. 09-60618 (5th Cir. Oct. 7, 2009).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A).  The United States Court of Appeals for the Fifth Circuit has defined "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))(internal quotations omitted).

The Court finds Petitioner's challenge to the 2007 revocation of his post-release supervision is a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A).  The Petitioner in this case has not submitted any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit.  Because the Fifth Circuit has not authorized Petitioner to file this claim in this Court, this request for habeas relief will be dismissed.  If Petitioner receives authorization from the Fifth Circuit, he may then re-file a new petition for habeas relief which will be assigned a separate civil action number in this district court.

B.  Challenge to the 2013 Revocation of Parole

Petitioner states that he was arrested on March 20, 2013, and charged with domestic violence, simple assault, failure to report to parole officer and escape/absconding.  Pet. [1] at 1.  On June 20, 2013, his parole was revoked.  Resp. [8] at 2.  Petitioner does not establish in his petition [1] or response [8] that he has presented any claims challenging his parole revocation to the state courts.  In fact, in his response [8] Petitioner states that he has not filed for post-conviction relief in the state courts concerning the June 20, 2013, parole revocation.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief."  *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)).  In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court.  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).  As a general matter, a habeas claim is dismissed when the petitioner has not exhausted his claims in state court.  *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A);  *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

The Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated § 99-39-5(h), provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody."  The United States Court of Appeals for the Fifth Circuit recognizes that "[a] claim concerning a Mississippi prisoner's eligibility for parole is cognizable under the state post-conviction relief act."  *Lott v. Murphy*, 20 F.3d 468, 1994 WL 122125, at *1 (5th Cir. Mar. 24, 1994)(not selected for publication).  The state remedies which are available to Petitioner are adequate and must be exhausted prior to pursuing habeas relief pursuant to 28 U.S.C. § 2254.  *See id.*  Because Petitioner has not pursued his

3

parole claims relating to the June 20, 2013 parole revocation, in any form, with the state courts, this Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c) and thus, his challenge of revocation of his parole is dismissed without prejudice.

### C.  Conditions of Confinement Claims

Petitioner states in Ground Two of his petition [1] "that his life may be in danger by inmates and security staff" and that he has not received his mail in a timely manner.  These allegations are not related to the fact or duration of Petitioner's confinement and are clearly conditions of his confinement.  "[H]abeas is not available to review questions unrelated to the cause of detention."  *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976).  Additionally, habeas petitions requesting injunctive relief regarding the conditions of confinement have been denied because habeas is not an available remedy in this situation.  *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993); *Hernadez v. Garrison*, 916 F.2d 291, 292-03 (5th Cir.1990).  Title 42 U.S.C. § 1983, however, is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Crim. Just. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)).  When a petition combines claims that should be asserted as habeas in nature with claims that properly may be pursued under § 1983, federal courts should separate these claims, if possible. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Based on the following reasons, the Court has determined that Petitioner's conditions of confinement claims should not proceed under § 1983.  To establish a failure-to-protect claim, "a plaintiff must show that he was 'incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Lewis v. Brengesty*, 385 F. App'x 395, 2010 WL 2802437, at *1 (5th Cir. 2010)(quoting *Neals v.*

*Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The Petitioner's claim is simply a conclusory statement. The claim does not state any facts to establish that the Petitioner was subjected to conditions which created a substantial risk of serious harm and furthermore, there are no claims that Respondent King was aware of such conditions and did not respond reasonably to those conditions. This claim, therefore, will be dismissed without prejudice.

As for Petitioner's claim based upon the interference or delay in receiving his mail, Petitioner must state a cognizable claim either for "denial of the right to free speech or an access to courts violation." *Stokes v. Duhe*, 2010 WL 742569, at *3 (W.D. La. Feb. 22, 2010)(citing *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *cert. denied*, 510 U.S. 1123, (1994); *Walker v. Navarro County*, 4 F.3d 410, 413 (5th Cir. 1993)). The Petitioner merely mentions that his mail has been delayed and does not claim that such delay has hindered his communication with the courts or that his constitutional rights have been violated in anyway. Morever, the Petitioner has not made a claim in anyway that his constitutional rights have been violated. This claim, therefore, will be dismissed without prejudice.

These claims will be dismissed without prejudice so that Petitioner may re-file such claims, if he so desires, as a proper § 1983 action, subject to the requirements of the Prison Litigation Reform Act of 1995. Because Petitioner cannot maintain his conditions of confinement claims in the instant petition for habeas relief and Petitioner's conditions of confinement claims do not rise to a rise of constitutional deprivation at this time, these claims will be dismissed without prejudice.

## II. Conclusion

Based on the reasons set forth above, Petitioner's request for habeas relief for his 2007 revocation of his post-release supervision is dismissed because he does not establish that he has received authorization from the Fifth Circuit to file this second or successive petition and his

request for habeas relief for his 2013 parole revocation is dismissed without prejudice for failure to exhaust.  Petitioner's claims that he may be in danger and that he did not receive his mail in a timely manner are not habeas in nature and do not rise to a level of constitutional deprivation and as such, these claims will be dismissed without prejudice.[2]

SO ORDERED, this the 25th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2]If Petitioner wishes to pursue a complaint pursuant to 42 U.S.C. § 1983 concerning his conditions of confinement claims, he may contact the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201, and request a set of forms.